# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE CURTIS ROWE, | CASE NO. 1:16-cv-00667-LJO-SKO  HC |
| Petitioner, | |
| v. | ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL |
| BITER, Warden, | |
| Respondent. | (Doc. 11) |

Petitioner, proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, moves for appointment of counsel.  In habeas proceedings, no absolute right to appointment of counsel currently exists.  *See, e.g., Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958); *Mitchell v. Wyrick*, 727 F.2d 773, 774 (8th Cir. 1984).  Nonetheless, a court may appoint counsel at any stage of the case "if the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B); Rule 8(c), Rules Governing Section 2254 Cases.

Petitioner contends that appointment of counsel is required since the Court's order for response refers to "claims" but he has only a single claim.  He argues that this language must indicate that he made an error in his petition.  Petitioner need not be concerned by the use of general language in a form order: He has competently filed his petition.  His careful reading of the response order reveals his attentiveness and ability to pursue his claim.

Accordingly, the Court finds no evidence that the interests of justice require the appointment of counsel at this time.  The motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:  __June 7, 2016__                    /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE