UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE CURTIS ROWE,<br><br>　　　　Petitioner,<br><br>　v.<br><br>CHRISTIAN PFEIFFER, Warden,<br><br>　　　　Respondent. | No. 1:16-cv-00667-LJO-SKO HC<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS HABEAS PETITION FOR LACK OR JURISDICTION**<br><br>**(Doc. 14)** |

Petitioner Theodore Curtis Rowe is an inmate proceeding *pro* se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because Petitioner is not in custody with regard to the convictions for which he seeks habeas relief, Respondent Christian Pfeiffer, Warden of Kern Valley State Prison, moves to dismiss the petition for lack of jurisdiction or, in the alternative, as untimely.

**I.　Procedural and Factual Background**

In Kern County Superior Court on February 16, 1990, Petitioner was sentenced to three concurrent prison terms following a 1989 plea bargain in three separate cases charging (1) first-degree burglary (Cal. Penal Code § 460.1) (Case No. 41099A), (2) grand theft (Cal. Penal Code § 487.2) (Case No. 40905A), and (3) second-degree attempted robbery (Cal. Penal Code §§ 664 and 212.5(b)) (Case No. 40904A). Petitioner was discharged from parole on October 31, 1996.

1

In Kern County Superior Court on July 23, 2015, Petitioner filed a petition for writ of habeas corpus arising from the three 1989 convictions.  Petitioner alleged a violation of due process and alleged that, under unspecified state and federal court holdings, claims concerning the sentencing court's lack of jurisdiction or the imposition of an unauthorized sentence may be challenged at any time.  The Superior Court found no constitutional error resulted from any of Petitioner's 1989 nolo contendre pleas and denied habeas relief.  The California Court of Appeals summarily denied the habeas petition on November 18, 2015.  The California Supreme Court summary denied relief on April 13, 2016.

On May 12, 2016, Petitioner filed a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2554.  Petitioner is presently in custody on charges other than those challenged by the above-captioned petition.

**II.**     **<u>No Habeas Jurisdiction When Petitioner is Not in Custody</u>**

"The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  The custody requirement is jurisdictional.  *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.* at 492.

Petitioner completed his sentences on the challenged convictions and was discharged from parole on October 31, 1996.  Because he is not "in custody" on the challenged convictions, the Court lacks jurisdiction over the petition in this case.  The Court must dismiss the petition for lack of habeas jurisdiction.

### III.     Petition is Untimely

Even if this Court had habeas jurisdiction, the Court would be required to dismiss the petition because Petitioner filed it after the expiration of the statute of limitations.

A person in custody as a result of the judgment of a state court may secure relief through a petition for habeas corpus if the custody violates the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a); *Williams v. Taylor*, 529 U.S. 362, 375 (2000).  On April 24, 1996, Congress enacted AEDPA, which applies to all petitions for writ of habeas corpus filed after that date.  *Lindh v. Murphy*, 521 U.S. 320, 322-23 (1997).  Under the statutory terms, the petition in this case is governed by AEDPA's provisions because Petitioner filed it after April 24, 1996.

Until the passage of AEDPA, state prisoners' filings of petitions for writs of habeas corpus were not subject to a statute of limitations.  *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir. 1999).  AEDPA included a one-year statutory limitations period that runs from the latest of four dates: (1) the date judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review; (2) the date on which any impediment to filing created by government action in violation of the federal constitution or laws, was removed; (3) the date on which the Supreme Court newly recognized a federal constitutional right and made it retroactively applicable to collateral review cases; or (4) the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  Prisoners whose convictions became final before AEDPA's effective date (October 28, 1992) are generally required to file federal habeas petitions no later than one year after the effective date of the statute of limitations.  *Miles*, 187 F.3d at 1105.  Thus, Petitioner was required to file a new habeas petition on or before April 23, 1997.

///

///

Because Petitioner did not file the petition in this case until May 12, 2016, the petition is untimely. As a result, even if the Court had habeas jurisdiction, it would be required to dismiss the petition as untimely.

## IV.   Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>    (B) the final order in a proceeding under section 2255.
>
>   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>   (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to

4

proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief to be debatable or wrong, or conclude that the issues presented required further adjudication. Accordingly, the Court should decline to issue a certificate of appealability.

**V.     Conclusion and Recommendation**

The undersigned recommends that the Court dismiss the Petition for writ of habeas corpus for lack of jurisdiction and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **October 7, 2016**            /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE